IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WAYNE EVAN MORRIS,

    Petitioner,

vs.

WARDEN EVANS, et al.,

    Respondents.

No. CIV S-06-1277 GEB DAD P

ORDER AND

FINDINGS AND RECOMMENDATIONS

    Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus, together with an application to proceed in forma pauperis.

    Examination of petitioner's in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

    Under the rules that govern habeas corpus petitions filed by state prisoners in federal court, the court is required to examine a habeas corpus petition before requiring a response to it. See Rules 3(b) and 4, Rules Governing § 2254 Cases. "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ." Rule 4, Rules Governing § 2254 Cases.

1    Petitioner is challenging the sentence imposed by the Sacramento County Superior
2 Court on August 5, 1998, following his conviction on July 8, 1998.  Petitioner alleges that he was
3 sentenced to an aggregate term of 81 years to life in state prison, plus an additional 22 years and
4 4 months consecutive as a sentencing enhancement based upon his eight prior felony convictions.
5 It is difficult to discern whether petitioner is alleging one claim or six and whether his sentencing
6 claims are exhausted.  Petitioner makes the following assertions:  the trial court erroneously and
7 arbitrarily abused its discretion in imposing sentence; petitioner was entitled to a remand for re-
8 sentencing on appeal under state law; a challenge to the use of priors is not frivolous; there are
9 pre-emptive norms of law from which a state may not derogate; the Double Jeopardy Clause is a
10 "pre-emptory norm of law which prohibits multiple punishment"; the California scheme of using
11 priors for enhancement punishments is unconstitutional.
12    The court's own records reveal that petitioner previously filed a federal habeas
13 petition challenging his 1998 conviction.  (See Wayne Morris v. R.A. Castro, et al., case No. CIV
14 S-01-1567 DAD P, filed August 13, 2001.)  Petitioner's previously filed action was stayed on
15 August 7, 2002, to permit petitioner to exhaust additional claims.  On August 18, 2003, the stay
16 was lifted, and on September 8, 2003, the court directed respondents to respond to the third
17 amended petition filed by petitioner on September 4, 2003.  Respondents filed their answer on
18 January 8, 2004, and petitioner filed his traverse on May 3, 2004.  The petition in case No. CIV
19 S-01-1567 has been fully briefed and stands submitted for decision.
20    The third amended petition in case No. CIV S-01-1567 presents the following
21 claims:  (1) trial court error in allowing the prosecution to call Deputy Anderson as a rebuttal
22 witness; (2) denial of effective assistance of counsel when trial counsel failed to interview
23 Deputy Anderson before trial; (3) the state coerced petitioner into abandoning his right of self-
24 representation by providing him with inadequate legal materials; (4) prosecutorial misconduct for
25 failing to timely disclose court ordered discovery; (5) prosecutorial misconduct in using unfair
26 surprise by calling Deputy Anderson as a rebuttal witness and using false testimony to secure a

conviction; (6) trial court denial of an opportunity to offer testimony favorable to petitioner's defense; (7) prosecutorial misconduct in informing a witness of petitioner's criminal history and aiding in the changing of other witnesses' testimony; (8) trial court error in not allowing questions regarding "masked suspects" during trial, in violation of petitioner's rights to confront and cross-examine witnesses; (9) prosecutorial misconduct when the prosecutor and police suppressed exculpatory evidence regarding a 911 tape and police dispatch communications; (10) denial of effective assistance of counsel when trial counsel failed to investigate and use experts; (11) trial court error in not suppressing petitioner's in-court identification by witnesses, which was suggestive and tainted.

The undersigned has considered whether petitioner should be permitted to file a fourth amended petition in case No. CIV S-01-1567 to add the sentencing claims alleged in this new action. An application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of civil procedure applicable to civil actions." 28 U.S.C. § 2242. See also Rule 11, Fed. R. Governing § 2254 Cases (providing that the Federal Rules of Civil Procedure may be applied in habeas corpus proceedings to the extent that the rules of civil procedure are not inconsistent with any statutory provision or with the rules governing habeas cases); Fed. R. Civ. P. 81(a)(2) (providing that the Federal Rules of Civil Procedure are applicable to proceedings for habeas corpus "to the extent that the practice in such proceedings is not set forth in statutes of the United States, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Proceedings"). Under Federal Rule of Civil Procedure 15(a), a habeas petitioner may seek leave of court to amend his pleading at any time during the proceeding. Mayle v. Felix, ___ U.S. ___, 125 S. Ct. 2562, 2569 (2005).

Under Rule 15(c), a petitioner's amendments made after the statute of limitations has expired will relate back to the date of his original pleading if the new claims arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. Id. (citing Fed. R. Civ. P. 15(c)(2)). "The 'original pleading' to which Rule 15 refers is the

3

complaint in an ordinary civil case, and the petition in a habeas proceeding." Id. at 2569-70.  The complaint in an ordinary civil case need only provide fair notice of the plaintiff's claim and the grounds on which his claim rests, while a habeas petition is required to specify all grounds for relief available to the petitioner and state the facts supporting each ground.  Id. at 2570.  Because of this difference between civil complaints and habeas petitions, the relation back of new habeas claims "depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims."  Id. at 2572.  The common core of operative facts must not be viewed at too high a level of generality, and an "occurrence" will consist of each separate set of facts that supports a ground for relief.  Id. at 2573.  Applying these principles in Mayle, the Supreme Court ruled that the petitioner's new claim did not relate back to his original claim because the new claim arose from the petitioner's own pretrial interrogation and was different in time and place from his original claim, which arose from the pretrial police interrogation of a witness.  Id. at 2572-73.

    The undersigned has compared the sentencing claims raised in this action with those alleged in petitioner's third amended petition in case No. CIV S-01-1567 DAD.  The sentencing claims differ in time and place from all of the previously alleged claims.  Petitioner's sentencing claims do not share a common core of operative facts with any of the claims raised in case No. CIV S-01-1567 DAD and therefore do not relate back to the third amended petition in that case.  Permitting petitioner to file a fourth amended petition in his first federal habeas case for the purpose of adding claims that are plainly barred by the statute of limitations would be futile and would serve only to delay the resolution of petitioner's eleven submitted claims.  This duplicative action raising time-barred claims should be summarily dismissed pursuant to Rule 4.

    Accordingly, IT IS HEREBY ORDERED that:

    1. Petitioner's June 12, 2006 application to proceed in forma pauperis is granted;

    2. The Clerk of the Court shall serve a copy of this order and findings and recommendations, together with a copy of the habeas petition filed in this case on June 12, 2006,

1  upon Angelo S. Edralin, Jr., the Deputy Attorney General who is attorney of record for
2  respondents in case No. CIV S-01-1567 DAD P; and
3        IT IS RECOMMENDED that this action be summarily dismissed.
4        These findings and recommendations will be submitted to the United States
5  District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
6  fifteen days after being served with these findings and recommendations, petitioner may file
7  written objections with the court.  A document containing objections should be titled "Objections
8  to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file
9  objections within the specified time may, under certain circumstances, waive the right to appeal
10 the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
11 DATED: July 21, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

15 DAD:13
morr1277.156

5